## MURPHY, appellant, v. SIMMONS.

*Costs on appeal to county court.*

Defendant appealed to the county court from a judgment rendered by a justice of the peace for $47.25, stating in his notice of appeal, that "the judgment should have been more favorable to him, in that it should have been" for four different amounts specified. The plaintiff made no offer to modify the judgment of the justice. In the county court the plaintiff recovered $25 damages only. *Held*, that the plaintiff was entitled to costs, and to have the amount thereof, as taxed by the clerk, inserted in the judgment.

*Held*, also, that the cases of *Putnam* v. *Heath*, 41 How. 262, and *Wadley* v. *Davis*, 43 id. 82, were decisive of the question, and that a correct interpretation of section 371 of the Code was given therein. "Such interpretation has received the sanction of the court of appeals in *Younghause* v. *Fingar*, 47 N. Y. 99, and indirectly of the general term of this court in the third department in 43 How. 259."

*A. G. S. Allis*, for appellant.

*Gray, Warren* and *Costello*, for respondent.

GILBERT, J.

The head-note gives the only point in the opinion.

*Order reversed.*

---

## PEOPLE ex rel. SUTTON et al. v. FRANKLIN.

*Railroad aid bonds — Evidence — tax payer's name signed by another — signature by initials.*

The name of a tax payer was signed by another person to a petition for bonding a town in aid of a railroad. *Held*, that the presence of the tax payer at the signing must be proved affirmatively in the proceedings to bond, it cannot be inferred. *People* v. *Smith*, 45 N. Y. 772.

Thirty persons signed initials instead of their given names to the petition. *Held*, they could not be counted in estimating the number who consented to bonding, no proof being given that they were the persons whose names were upon the assessment roll.

CERTIORARI to review proceedings before a county judge to bond the town of Romulus, Seneca county.

MULLIN, P. J.

The head-note gives the material points passed upon in the opinion.

*Decision of county judge reversed.*